**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 16 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ERIC HURST,

Plaintiff-Appellant,

v.

ESTELA DERR, et al.,

Defendants-Appellees.

No.    23-15523

D.C. No.
1:22-cv-171-DKW-RT

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
Derrick K. Watson, District Judge, Presiding

Submitted February 14, 2024[**]
Honolulu, Hawaii

Before:  PAEZ, M. SMITH, and KOH, Circuit Judges.
Concurrence by Judge M. SMITH.

Eric Hurst ("Hurst") appeals the dismissal of his *Bivens*[1] claim against Earl

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1] *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), established that a violation of a citizen's constitutional rights by a federal officer can give rise to a federal cause of action for damages.

Dayton, a nurse at Federal Detention Center, Honolulu. We have jurisdiction under 28 U.S.C. § 1291. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling. We review *de novo* the district court's order granting the defendant's Federal Rule of Civil Procedure 12(b)(6) motion. *Bain v. Cal. Teachers' Ass'n*, 891 F.3d 1206, 1211 (9th Cir. 2018).

The Supreme Court has clarified that the viability of a *Bivens* claim should be assessed as follows. First, we must evaluate whether the case arises in a new context because it is "meaningfully different" from the three previous cases in which the Supreme Court has implied a damages action: *Bivens* itself, *Davis v. Passman*, 442 U.S. 228 (1979), and *Carlson v. Green*, 446 U.S. 14 (1980). *Egbert v. Boule*, 596 U.S. 482, 492 (2022). If the case does not present a new context, "no further analysis is required," and the claim may proceed. *Lanuza v. Love*, 899 F.3d 1019, 1023 (9th Cir. 2018). If the case does present a new context, we must inquire "whether there is any reason to think that Congress might be better equipped to create a damages remedy" than the judiciary. *Egbert*, 596 U.S. at 492.

In *Carlson v. Green*, the Supreme Court recognized for the first time an implied cause of action under the Eighth Amendment when federal prison officials failed to provide an inmate with adequate medical treatment. 446 U.S. at 16 n.1. Hurst sues a federal prison official under the Eighth Amendment because that

official failed to provide medical care for his severe head pain. Because Hurst's claim is not "meaningfully different" from *Carlson*, it does not present a new context.

Contrary to defendant's arguments, we have held that differences in the severity of a prisoner's medical need compared to *Carlson* do not give rise to a new *Bivens* context. *Stanard v. Dy*, 88 F.4th 811, 817 (9th Cir. 2023) ("Even assuming that [the plaintiff] received less deficient care than the inmate in *Carlson*, that difference in degree is not a meaningful difference giving rise to a new context."). Likewise, under our court's precedent, a prisoner's medical condition need not be chronic, fatal, or life-threatening for a claim to be cognizable under *Bivens* and *Carlson*. *C. Chambers v. Herrera*, 78 F.4th 1100, 1108 (9th Cir. 2023) (recognizing that a *Bivens* claim may be viable where prison officials refused to x-ray a prisoner's broken arm for six weeks); *Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006) (failing to treat a broken thumb could constitute deliberate indifference to a serious medical need). Also contrary to the defendant's contention, delay or denial of medical care, rather than overt acts of mistreatment, do not create a new context. *Stanard*, 88 F.4th at 817 ("Delaying treatment is an established example of deliberate indifference to a serious medical need."). Thus, the district court erred when it held that Hurst's case was meaningfully different from *Carlson*.

The existence of alternative remedial structures within the BOP likewise does not render this case a new context. *Egbert* clarified that the existence of alternative remedies is a "special factor" which should be considered at the second step of the *Bivens* analysis. *Egbert*, 596 U.S. at 498 ("So long as Congress or the Executive has created a remedial process that it finds sufficient to secure an adequate level of deterrence, the courts cannot second-guess that calibration by superimposing a *Bivens* remedy."). In *Stanard*, we held that a *Bivens* action did not present a new context from *Carlson* even where the prisoner had repeatedly grieved his denial of medical care using the BOP's internal complaint system. 88 F.4th at 814, 818. Thus, the district court erred when it held that the existence of alternative remedial structures created a new *Bivens* context.

**REVERSED AND REMANDED.**

M. SMITH, concurring in the judgment:

I agree with my colleagues that the district court should be reversed, but on the basis that it applied an incorrect legal standard. *See In re Apple Inc. Device Performance Litig.*, 50 F.4th 769, 776 (9th Cir. 2022) (noting that application of an incorrect legal standard is reversible error). I would not have reached the issue of whether this case presents a new *Bivens* context.

The two-step framework for assessing *Bivens* claims is a familiar one: First, the court inquires whether the case is "meaningfully different from the three cases in which the Court has implied a damages action." *Egbert v. Boule*, 596 U.S. 482, 492 (2022) (cleaned up). If it is, that case arises in a new context. *Id*. Cases that arise in a new context are subject to the second step of the analysis, in which the court determines whether "special factors" exist which "indicate that the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." *Id*. (internal citation omitted).

Rather than applying the classic two-step framework, the district court read *Egbert* to meld the analysis into a one-step model. In its words, "while *Egbert* did not explicitly overrule *Bivens,* the writing is on the wall." The court concluded: "[m]oving forward, the two-step *Ziglar* inquiry effectively presents a single question—'whether there is any reason to think that Congress might be better equipped to create a damages remedy'—with the Supreme Court, at the same time,

providing an answer to its own question: in virtually every case, yes." Accordingly, the district court concluded that "both" the fact of a new context and an alternative remedial scheme "render Hurst's case a 'new context' not contemplated by *Carlson*."

Cases in this circuit published since *Egbert* have confirmed that *Egbert* did not undermine the familiar two-step analysis for *Bivens* cases. *See Harper v. Nedd*, 71 F.4th 1181, 1185 (9th Cir. 2023) ("We must apply a two-step framework, asking first whether the claim arises in a new context, and second, if so, whether other special factors counsel hesitation against extending *Bivens*."); *Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023) (applying the same "two-part framework"). Not only was it inappropriate for the district court to ignore these precedents, but it was also inappropriate for the district court to conclude that "[t]he landscape . . . has changed" and that *Bivens* was essentially overruled by *Egbert*. *See Agostini v. Felton*, 521 U.S. 203, 237 (1997) (explaining that only the Supreme Court may "overrule[] its own decisions" (internal quotation marks omitted)).

I would correct that error and reverse to provide the district court another opportunity to assess the issue on the merits. *See PDK Lab'ys, Inc. v. U.S. D.E.A.*, 362 F.3d 786, 799 (D.C. Cir. 2004) ("[T]he cardinal principle of judicial restraint — if it is not necessary to decide more, it is necessary not to decide more — counsels us to go no further.") (Roberts, J., concurring in part and concurring in the judgment).